UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DULCE CAROLINA FUENTES LUGO, | No. 2:26-CV-01657-SAB |
| Petitioner, | |
| v. | **ORDER DENYING PETITION** |
| ICE FIELD OFFICE DIRECTOR,[1] | **FOR WRIT OF HABEAS** |
| Respondent. | **CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is pro se. Respondent is represented by Michelle R. Lambert.

---

[1] Respondent is the ICE Field Office Director. However, the proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility. **Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.**

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  #1**

Petitioner is a native and citizen of Mexico. In 2012, Petitioner became a lawful permanent resident due to her status as a spouse of a lawful permanent residence. On December 9, 2024, Petitioner attempted to enter the United States from Mexico at the San Ysidro port of entry. During inspection by Customs and Border Patrol, officials located over 18 kilograms of cocaine. Petitioner was subsequently paroled into the United States for the purpose of criminal prosecution.

On June 13, 2025, the United States District Court, Southern District of California convicted Petitioner for Importation of Merchandise in violation of 18 U.S.C. § 545 and sentenced her to thirteen months and one day of incarceration due to her attempt to bring cocaine into the United States. On April 16, 2026, Immigration and Customs Enforcement took Petitioner into immigration custody upon her release from federal prison. Petitioner was then transferred to the Northwest Immigration Processing Center, where she remains.

While the Petition is somewhat vague, it appears that Petitioner is alleging a general due process claim with regard to her immigration detention, asserting that she is entitled to a bond hearing or immediate release from detention. Respondent contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c).

Under 8 U.S.C. § 1182(a)(2)(C), any alien who has been convicted for trafficking controlled substances is inadmissible. Under 8 U.S.C. § 1226(c)(1)(A), an alien who is inadmissible pursuant to § 1182(a)(2) must be taken into custody. The Supreme Court has not provided a brightline rule regarding at what point detention under § 1226(c) would violate due process; however, it has upheld the lawfulness of detention in cases where the petitioner was detained for six months. *See e.g.*, *Demore v. Kim*, 538 U.S. 510, 530 (2003).

Here, Petitioner was convicted of Importation of Merchandise in violation of 18 U.S.C. § 545 and is therefore inadmissible. It thus appears Petitioner is

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  #2**

lawfully detained under 8 U.S.C. § 1226(c)(1)(A), and the passage of less than 90 days is insufficient to trigger further due process concerns.

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and Petitioner.

**DATED** this 1st day of July 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  #3**